### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** *et al.* )<br>)<br>) | |
| )<br>**Plaintiffs**                                )<br>) | |
| **v.**                                           )<br>) | **Civil Action No. 20-3331 (RC) (ECF)** |
| **DONALD J. TRUMP,**                              )<br>) | |
| **Defendant.**                               )<br>) | |

### MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to the Federal Rules of Civil Procedure ("Rule") 12, former president, Donald J. Trump ("Defendant"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the Complaint filed by Xiu Jian Sun ("Plaintiff").[1]

### INTRODUCTION AND SUMMARY

Plaintiff's complaint seeking adjudication under "God's law" is unintelligible and should be dismissed for lack of subject matter jurisdiction and failure to state a claim as frivolous.   The Court has dismissed several previous actions filed by the Plaintiff on these same grounds and the D.C. Circuit has affirmed those dismissals.   The more important question is whether Plaintiff should be allowed to continue to file frivolous and harassing actions in this Court.   It appears

---

[1]      It appears that Plaintiff claims, in this action and others, that he brings these actions in the name of the Church of Jesus Christ of Latter Day Saints ("LDS"), but there is no indication that the church authorizes these filings or is a real party in these proceedings.

1

that Plaintiff turned his attention to this jurisdiction after he was enjoined in the Second Circuit, where he lives, from filing further actions without first seeking leave.   A search using his names on Lexis returned twenty-eight cases almost all of which have been adjudicated as frivolous. The same search on Nationwide PACER returned forty cases.   In the Second Circuit, his actions were found to be for the purpose of harassing judicial employees in that District.   In this jurisdiction, he is seeking to do the same.   A recent action he filed was against six attorneys in the Civil Division of the United States Attorney's Office that handled his previous actions.   It is safe to assume that Plaintiff will not stop filing these actions until he is conditionally enjoined. As set forth in more detail below, the D.C. Circuit has established the relevant factors for determining whether an injunction is appropriate against a frequent and vexatious filer and those factors point to the issuance of an injunction in this case.

## BACKGROUND

Although not clear whether this is an official capacity action against former president Trump, referred to as "Cain", Plaintiff, who also refers to himself as "the spiritual Adam," commenced this action seeking "a trial with god's law."   ECF No. 1 at 1 ("Pl's Comp."). Plaintiff does not allege that the former president engaged said, took any action, or failed to take any action.   *See generally id*.   Even where he does mention Defendant's name, it is still gibberish and unintelligible.   He mentions the Defendant as well as other past presidents and asserts that "the inhabitants of the Earth have been made drunk with the wine of her fornication." *Id*.   It appears that the "her" Plaintiff refers to is "the great whore that sitteth upon many waters."   *Id*.   In his prayer for relief or "jury demand," he requests "[t]rial with god's law."   *Id*.

2

Typing "Xiu" and "Spiritual Adam" alone into the Lexis database returned twenty-eight district court actions and appeals.   A more expansive search could return more.   Of those twenty-eight, sixteen contained the words "frivolous" or "insubstantial" as descriptions of Plaintiff's complaints.   A search of Nationwide PACER, using Plaintiff's name "Sun" "Xiu" "Jian," returned forty actions and appeals filed over a four year period and, although the undersigned did not check all of them, most appear to be the Plaintiff because they were either filed in the Second Circuit or in this District.

This Court is not unfamiliar with Plaintiff's history of filing frivolous actions.   *See e.g. LDS v. Trump*, No. 18-2820 (RC), 2019 U.S. Dist. Lexis 236874 **1-2 (D.D.C. 2019) ("This is the type of 'patently insubstantial' claim that warrants dismissal under Rule 12(b)(1)."), *aff'd,* 2020 U.S. App. Lexis 4848 ("The district court correctly dismissed appellant's complaint for lack of jurisdiction, on the ground that it was patently insubstantial."); *see also Sun v. Secret Gang Org.: Obama Barack-Dog*, No. 17-1861 (JDB), 2018 WL 4567164, at *1–*3 (D.D.C. 2018) ("In the instant case, Plaintiff claims that a divine messenger provided inspiration for the suit.   This is similar to other 'patently insubstantial' claims meriting dismissal under Rule 12(b)(1)"), *aff'd,* 2019 U.S. App. Lexis 6635 (D.C. Cir. 2019) ("The district court correctly concluded that it lacked subject matter jurisdiction over appellant's complaint because the complaint was "patently insubstantial, raising no federal question suitable for decision."); *LDS v. Trump*, No. 17-cv-1787 (D.D.C. 2017), *aff'd,* No. 18-5006, 2018 WL 3520406 (D.C. Cir 2018) ("Appellant's complaint did not contain a short and plain statement of the grounds for the court's jurisdiction or of the claim showing that he is entitled to relief."), *cert. denied,* 139 S. Ct. 425 *(2018)*; *LDS v. Contreras*, 839 Fed. Appx. 558, 558 (D.C. Cir. 2021) (affirming this Court's

dismissal as "patently insubstantial")[2]; *LDS v. Lawrence, et al.*, 19-2886 (RC), ECF No. 7 at 3 ("[B]ecause Sun's complaint is patently insubstantial, the Court lacks subject matter jurisdiction over this case" and Plaintiff also failed to state a claim), *aff'd*, 2020 U.S. App. Lexis 33111 (D.C. Cir. 2020) (referring to Plaintiff's complaint as "wholly insubstantial").[3]

Plaintiff has an identical history in other federal courts.   *See Sun v. N.Y. Office of Att'y Gen.*, No. 17-cv-5916, 2017 WL 4740811, at *1–*3 (E.D.N.Y. 2017) (Plaintiff's "allegations consist entirely of religious pronouncements.   The complaint is therefore dismissed as frivolous."); *Sun v. United States*, 130 Fed. Cl. 569, 569-570 (2016)); *Sun v. Newman*, 18-4010 (VSB), 2018 U.S. Dist. Lexis 86016 *3 ("Plaintiff's complaint must be dismissed as frivolous. Plaintiff's allegations rise to the level of the irrational, and there is no legal theory on which he can rely."); *LDS v. Mullkoff*, 18-2751 (LTS), 2018 U.S. Dist. Lexis 77655 *3 (E.D.N.Y. 2018) (same); *Church of Jesus Christ of Latter-Day Saints v. Zeve*, 18-2749 (AJN), 2018 U.S. Dist. Lexis 59378 (S.D.N.Y. 2018) ("The Court dismisses this action as frivolous."); *Sun v. Cavallo*, 16-1083 (ENV/CLP) 2016 U.S. Dist. Lexis 193861 *4 (E.D.N.Y 2016) ("[T]he complaint is dismissed as frivolous, and leave to amend is denied as futile.   Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is

---

[2]      *LDS v. Contreras*, 20-0197 (EGS), Minute Ordered entered on July 16, 2021. Plaintiff appealed the dismissal for lack of subject matter jurisdiction and failure to state a claim even though he failed to file an opposition to Defendant's dispositive motion.

[3]      Plaintiff named six attorneys employed in the Civil Division of the United States Attorney's Office as defendants for no other reason than that they had handled previous litigation involving him.   He even went as far as to petition for certiorari in the Supreme Court, which was denied.

denied for the purpose of an appeal."); *Sun v. Supreme Court of N.Y.*, 2017 U.S. Dist. Lexis

220408 **3-4 (E.D.N.Y. 2017) ("[E]ven if Sun's complaint alleged any facts that were not

frivolous, it likely would, nonetheless, need to be dismissed on grounds of absolute judicial

immunity"); *Sun v. Dillon*, 2016 U.S. Dist. Lexis 142331 *4 (E.D.N.Y. 2016) ("[T]he complaint

is dismissed as frivolous . . . and because the judicial officers named herein would be entitled to

absolute immunity for any actions related to their judicial duties.").

     In *Sun v. N.Y. Office of Att'y Gen.*, 2017 WL 4740811, at *1–*3, in light of Plaintiff's

frivolous complaint naming too many defendants to count, whom he calls "pharisees," the U.S.

District Court for the Eastern District of New York issued an order to show cause why an

injunction should not be issued against Plaintiff for his frivolous filings in that case.   *See* Exhibit

A.   Because Plaintiff did not respond to that Court's order to show case, it "ordered that []

plaintiff . . . is enjoined from filing any new action in this Court without first obtaining the

Court's permission."   *Id*.[4]   The Second Circuit has also entered an order "that Appellant must

---

[4]    [I]f the plaintiff seeks permission to file and the Court finds
that the new action is not subject to this filing injunction, the Court
will grant the plaintiff leave to file the new action and the civil
action shall be filed and assigned a civil docket number; and (4) if
leave to file is denied, the plaintiffs submission shall be filed on
the Court's miscellaneous docket and a summary order denying
leave to file shall be entered, and no further action will be taken.
The plaintiff is warned that the continued submission of frivolous
civil actions or frivolous leave-to-file applications may result in the
imposition of additional sanctions, including   monetary penalties,
upon notice and opportunity to be heard. 28 U.S.C. § 1651(a). *See,
e.g., Malley v. Corp. Counsel of the City of New York.*, 9 F.App'x
58, 59 (2d Cir. 2001) (affirming imposition of $1,500 sanction on
pro se litigant).

*See* Exhibit A.

seek leave of this Court before filing any appeals or other documents."   *See* Exhibit B.   In

another Second Circuit appeal, the Court dismissed Plaintiff's appeal and added the following:

> On May 21, 2018, the Court dismissed the action as frivolous, and
> noted that because of Plaintiff's history of filing frivolous actions,
> both the United States Court of Appeals for the Second Circuit and
> the United States District Court for the Eastern District of New
> York have barred him under 28 U.S.C. § 1651 from filing civil
> matters in those courts without having first obtained permission.
> *See Sun v. Dillon*, No. 16-3557 (2d Cir. Dec. 23, 2017), *cert.
> denied*, No. 17-1000 (Mar. 5, 2018); *Sun v. State of New York of
> the Attorney General*, No. 17-CV-5916 (AMD) (SMG) (E.D.N.Y.
> Dec. 6, 2017).   This Court directed Plaintiff to show cause within
> thirty days why he should not be barred from filing further actions
> in this Court without prior permission. Plaintiff did not file a
> declaration, but instead filed a notice of appeal on May 29, 2018.
> (ECF No. 10.).   By mandate issued July 17, 2018, the Second
> Circuit dismissed the appeal because Plaintiff failed to seek
> permission for leave to file. See No. 18-1640 (2d Cir. July 17,
> 2018).

Exhibit C, *LDS v. The Pharisees Even Swallowed Up Camels*, 18-4010 (VSB)

"To chronicle further the remainder of this litigant's fanciful allegations would be to

unjustifiably devote more time than is warranted to these wholly meritless actions."   *Urban v.

United Nations*, 768 F.2d 1497, 1499 (D.C. Cir. 1985) ("Mr. [] Urban Jr., is hereby enjoined

from filing any civil action in this or any other federal court of the United States without first

obtaining leave of that court.   In seeking leave to file, Mr. Urban must certify that the claim or

claims he wishes to present are new claims never before raised and disposed of on the merits by

any federal court.   He must also certify that the claim or claims are not frivolous or taken in bad

faith.   Additionally, the motion for leave to file must be captioned 'Application Pursuant to

Court Order Seeking Leave to File.'   Mr. Urban must either cite or affix a copy of today's order

to that motion. Failure to comply strictly with the terms of this injunction will be sufficient

grounds for denying leave to file.").

## STANDARD OF REVIEW

a.    **Subject Matter Jurisdiction under Rule 12(b)(1)**

It is well-settled law that "the federal courts are without power to entertain claims

otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely

devoid of merit.'"   *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water

Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).   This Circuit has stated that dismissal under

12(b)(1) is appropriate "when the complaint is 'patently insubstantial' presenting no deferral

question suitable for decision."   *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting

*Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)); *accord O'Brien v. DOJ*, 927 F. Supp. 382,

384 (D. Ariz. 1995); *Shoemaker v. United States*, 1997 U.S. Dist. Lexis 2322, 1997 WL 96543,

at *5 (S.D.N.Y. Mar. 5, 1997); *O'Connor v. United States*, 159 F.R.D. 22, 25 (D. Md. 1994).

The D.C. Circuit explained that for complaints to be considered patently insubstantial, they

cannot merely be doubtful or questionable, but rather they have to be "essentially fictitious."

*Best*, 39 F.3d at 330.   Examples of essentially fictitious claims are "bizarre conspiracy theories,"

"fantastic government manipulations of [one's] will or mind," and "any sort of supernatural

intervention."   *See id*.   "[A] district court has the power to dismiss a case *sua sponte* if it is

frivolous."   *Brown v. Dist. Unemployment Comp. Bd*., 411 F. Supp. 1001, 1001-02 (D.D.C.

1975) (citing 1 FED. PRAC. 2d § 0.60[6]).

b.        **Failure to State a Claim under Rule 12(b)(6)**

At the motion-to-dismiss stage, a court must "treat the complaint's factual allegations as true and grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Elec. Privacy Info. Ctr. v. IRS*, 261 F. Supp. 3d 1, 5 (D.D.C. 2017) (citing *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).    "The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."   *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).   On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

<u>**ARGUMENT**</u>

a.        **Dismissal under both Rules 12(b)(1) and 12(b)(6) is Warranted and Justified**

Because federal courts are courts of limited jurisdiction, "even a pro se plaintiff bears the burden of establishing that the Court has subject matter jurisdiction."   *Newby v. Obama*, 681 F.Supp.2d 53, 55 (D.D.C. 2010) (dismissing case for lack of subject-matter jurisdiction because it appeared to be "the sort of 'bizarre conspiracy theory' that warrant[s] dismissal under Rule 12(b)(1)").   To warrant dismissal, the claim must "be flimsier than 'doubtful or questionable' – they must be 'essentially fictitious.'"   *Best v. Kelly*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 537-38 (finding that the claims of *pro se* prisoners who asserted that the prison had violated their constitutional rights were not "patently insubstantial," but noted that "any sort of supernatural intervention" would meet the standard for Rule 12(b)(1) dismissal).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 26 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) ("An action is frivolous if it lacks an arguable basis in law and fact - i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'").   A finding of frivolousness and dismissal on subject matter jurisdiction and failure to state a claim grounds is warranted and justified here because Plaintiff's complaint is a jumble of statements that cannot even rightly be considered allegations. As Judge Bates explained, "[a]lthough courts must construe the complaints of *pro se* plaintiffs 'liberally,' a plaintiff's '*pro se* status does not render him immune from pleading facts upon which a valid claim can rest.'"  *Sun v. Obama*, 2018 WL 4567164, at \*1–\*3. Under the most liberal review, it is impossible to discern what harm Plaintiff allegedly suffered, what Defendants did or failed to do that caused any harm to Plaintiff, nor what federal rights were allegedly infringed.   For example, there is not a single allegation about the conduct of Defendant "Cain." Nor is there a single reference to a legal provision violated.   Simply put, the instant claims neither invoke any federal law nor present factual issues that can be resolved in federal court. As such, Plaintiff has failed to meet the requirement of Rules 12(b)(1) and (b)(6) dismissal is not only warranted, but justified.

### b.    Plaintiff Should be Enjoined from Future Filings without Leave of Court

Perhaps the more difficult question is whether Plaintiff's laundry list of frivolous filings merits this Court enjoining him from future filings without first seeking leave of Court as the Second Circuit has already done.   In fact, it appears that Plaintiff has turned his attention to

9

judges and employees in this jurisdiction because he has been enjoined from filing claims there. Defendant believes that Plaintiff's history of frivolous filings set forth above (and there are a lot more) more than justifies such an order requiring to seek leave before filing in this jurisdiction also.  *See Sun v. New York Office of the Attorney General*, 2017 WL 4740811, at *2 ("[P]laintiff has made a practice of suing any judge, court personnel, government official, or person with whom he has ever interacted, [making] allegations consist[ing] . . . of religious pronouncements.").

The Supreme Court has recognized "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Brooks v. Fulwood*, No. 13-0273, 2013 U.S. Dist. Lexis 33649, 2013 WL 941960, at *1 (D.D.C. Mar. 12, 2013).   The court has an obligation to protect the "orderly and expeditious administration of justice."  *Urban v. United Nations*, 768 F.2d at 1500.   It is also true that, in acting to protect the "integrity of the courts," the district court judge may use injunctive remedies.  *Id*.   In fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to "unduly impair[] [a litigant's] constitutional right of access to the courts."  *In re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981).   The factors to be considered when fashioning an appropriate remedy are affording the litigant appropriate due process before imposition of the injunction, "mak[ing] substantive findings as to the frivolous or harassing nature of the litigant's actions[,]" and "mak[ing] findings as to any pattern constituting harassment."  *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). *Green*, *Urban*, and *Powell*, provide the Court all the precedent it needs to fashion an appropriate remedy for Plaintiff's deluge of frivolous filings.

As a threshold matter, perhaps Plaintiff's situation does not raise the same level of constitutional and due process concerns because Plaintiff is not incarcerated and, instead of paying all these filing fees, Plaintiff could perhaps just hire an attorney to address any legitimate grievances he may have.   *See Green*, 669 F.2d at 785 ("prisoners have a constitutional right of access to the courts" that is "neither absolute nor unconditional.").   With regard to "substantive findings as to the frivolous or harassing nature of the litigant's actions," Plaintiff's conduct appears to be even more egregious than any of those three cases because at least those courts were able to make out the nature of the plaintiffs' claims – Green appeared to raise claims arising from his incarceration, Powell was an expert at Freedom of Information Act litigation and exhausted his administrative remedies before seeking judicial review, and even Urban raised claims about actual events like attempting to stop former President Reagan's inauguration.   In this case, it is impossible to make out Plaintiff's claims based on "God's law."   All the claims appear to be identical and it appears all have been deemed to be frivolous in this Court and the Second Circuit.   *See Urban*, 768 F.2d at 1498 ("The 16 separate cases comprising this consolidated appeal were filed against a variety of real and imaginary government defendants").

Moreover, because Plaintiff's complaints are consistently patently insubstantial and frivolous, the only reasonable conclusion is that he files them solely for the purpose of harassing judges and attorneys that have handled his cases.   *See Powell*, 851 F.2d at 430 ("[T]he district court should make findings as to any pattern constituting harassment").   "[T]he district court should look to both the number and content of the filings as indicia of frivolousness and harassment."   *Id*.   Here, both the number and content of Plaintiff's complaints evince an intent to harass and the Second Circuit has so concluded.   *See also Sun v. New York Office of the*

*Attorney General*, 2017 WL 4740811, at *2 ("[P]laintiff has made a practice of suing any judge, court personnel, government official, or person with whom he has ever interacted, [making] allegations consist[ing] . . . of religious pronouncements.").   Plaintiff's complaint where he names attorneys in the Civil Division of the United States Attorney's Office that have handled his cases lay this bare.   *LDS v. Lawrence, et al.*, 2020 U.S. App. Lexis 33111 (D.C. Cir. 2020) (referring to Plaintiff's complaint as "wholly insubstantial")

Apart from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant – even onerous conditions – so long as they assist the court in making the appropriate sanction, and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.   *See Green*, 669 F.2d at 786 ("[T]he present need to deter Green and others who may follow him require us to enter an order that is both effective and constitutional.").   Because Green was incarcerated, the imposition of a filing fee plus a deposit was considered punitive.   In this case, Plaintiff is not incarcerated and apparently has adequate resources to pay filing fees for actions that he appears not to be interested in prosecuting.   The litigants in the other three cases actually litigated their cases.   Requiring Plaintiff to seek leave "upon a satisfactory demonstration of the novelty of the claim and its bona fide nature" does not interfere with his right of access.   *Id*. at 787-788. While Plaintiff did not file anywhere near the number of cases filed in *Green*, Plaintiff's conduct is more egregious in many respects because his actions are completely devoid of substance, he does not actually litigate the cases, and it appears that he files these actions for the sole purpose of harassing federal employees.   *See Justice v. Koskinen*, 109 F.Supp.3d 142 (D.D.C. 2015) (enforcing a similar order).

## **CONCLUSION**

Thus, for the foregoing reasons, the Court should dismiss Plaintiff's complaint and enjoin him from filing further actions without first seeking leave of Court with the required justifications.

May 20, 2021                                        Respectfully submitted,


CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.   20530
Telephone: (202) 252-2562

13